UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHEILA DAVIS     CIVIL ACTION

VERSUS     NO. 17-10118

JULIE HAGER ET AL.     SECTION "R" (4)

## **ORDER AND REASONS**

Defendants New Orleans Police Department and Judge John Lee have moved to dismiss plaintiff's claims against them.[1] For the following reasons, the Court grants the motions.

## I. BACKGROUND

This case arises out of a dispute over ownership of a dog, Ms. Minnie the Chihuahua. Plaintiff Sheila Davis alleges that she purchased the dog, and that Home Again implanted a microchip in the dog in 2008.[2] According to plaintiff, the dog was stolen in October 2012.[3] Defendant Julie Hager later purchased the dog from an unknown person.[4] Hager allegedly registered and re-microchipped the dog on August 14, 2015, at which point Home Again

---

[1]     R. Doc. 9.
[2]     R. Doc. 1 at 3 ¶¶ 12-13.
[3]     *Id.* ¶ 14.
[4]     *Id.* ¶ 16.

notified plaintiff that Ms. Minnie was found.[5]  While Hager remained in possession of the dog, a dispute arose between plaintiff and Hager as to who was its rightful owner.

In August 2015, plaintiff's mother, Barbara Davis, filed a civil action in a Jefferson Parish Justice of the Peace Court to determine ownership of the dog.[6]  The Justice of the Peace ruled in favor of Barbara Davis, but Hager refused to surrender the dog and the Jefferson Parish Police Department declined to seize it.[7]  Hager then appealed the case to the First Parish Court.[8] Judge John Lee, who is also a defendant in this case, reversed the Justice of Peace and ruled in favor of Hager.[9]  Plaintiff alleges that Hager and her attorney, defendant Andrew Christenberry, fraudulently misrepresented facts to Judge Lee.[10]  Plaintiff further asserts that Hager, Christenberry, and Judge Lee conspired to deprive plaintiff of her property on the basis of race, and that Judge Lee lacked jurisdiction over the case.[11]

---

[5]     *Id.* ¶¶ 17-18.
[6]     *Id.* at 4 ¶ 19; *see also* R. Doc. 10-2 at 11.  The Court takes judicial notice of the Parish Court records.
[7]     R. Doc. 1 at 4 ¶¶ 20-21.
[8]     *Id.* ¶ 23; *see also* R. Doc. 10-2 at 1.
[9]     R. Doc. 10-2 at 58.
[10]    R. Doc. 1 at 4 ¶ 24.
[11]    *Id.* at 5 ¶ 28, 30.  Plaintiff also alleges that Judge Lee "deprived and denied plaintiff of her property in violation of Louisiana and Federal constitutional and civil rights."  *Id.* ¶ 28.

On August 11, 2016, according to plaintiff, Ms. Minnie ran away from Hager, and eventually came into the custody of defendant Jefferson Parish Animal Shelter.[12] Defendant Robin Beaulieu, the director of the animal shelter, gave the dog to Hager.[13] Ms. Minnie allegedly ran away again.[14] This time, the dog was taken to Home Again, which gave it to plaintiff on July 1, 2017.[15] After Hager filed a police report, New Orleans Police Department (NOPD) officers allegedly entered Barbara Davis's residence and seized Ms. Minnie without a warrant.[16] The dog remains in Hager's possession.[17]

Plaintiff filed suit in this Court on October 4, 2017.[18] NOPD and Judge Lee now move to dismiss plaintiff's claims against them under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[19] Plaintiff has not responded to these motions.

---

[12] *Id.* at 5 ¶ 32, 6 ¶ 34.
[13] *Id.* at 6 ¶ 38.
[14] *Id.* ¶ 41.
[15] *Id.*
[16] *Id.* at 7 ¶ 43.
[17] *Id.* ¶ 50.
[18] R. Doc. 6.
[19] R. Docs. 9, 10.

## II. STANDARD OF REVIEW

Rule 12(b)(1) requires dismissal of an action if the court lacks jurisdiction over the subject matter of the plaintiff's claim. Motions submitted under Rule 12(b)(1) allow a party to challenge the court's subject matter jurisdiction based upon the allegations on the face of the complaint. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Moore v. Bryant*, 853 F.3d 245, 248 (5th Cir. 2017) (quoting *Barrera-Montenegro*, 74 F.3d at 659). The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A court must accept all well-pleaded facts as true and must draw all reasonable

4

inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007), the claim must be dismissed.

## III. DISCUSSION

### A. Plaintiff Fails to State a Claim Against NOPD Because NOPD Is Not an Entity Capable of Being Sued

NOPD argues that it must be dismissed as a party because it is not a juridical entity capable of suing or being sued.[20] Rule 17(b) of the Federal Rules of Civil Procedure provides that the capacity to sue or be sued is determined by "the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). Under Louisiana law, "an entity must qualify as a juridical person" to be sued. *Dugas v. City of Breaux Bridge Police Dep't*, 757 So. 2d 741, 743 (La. App. 3 Cir. 2000). A juridical person, in turn, "is an entity to which the law attributes personality, such as a corporation or a partnership." La. Civ. Code art. 24. NOPD is simply a department of the City of New Orleans. *See* La. R.S. § 33:361 (vesting police power in municipalities); New Orleans Home Rule Charter § 4-102 (establishing Department of Police). Accordingly, the Court finds that NOPD is not a juridical person capable of being sued. *See, e.g.*, *Winn v. New Orleans City*, 919 F. Supp. 2d 743, 750 (E.D. La. 2013); *Barrios-Barrios v. Clipps*, 825 F. Supp. 2d 730, 741 n.5 (E.D. La. 2011); *Dugas*, 757 So. 2d at 744.

---

[20] R. Doc. 9-1 at 2-3.

## B. Plaintiff Lacks Standing to Sue Judge Lee

To satisfy Article III's standing requirement, a plaintiff must show that (1) she suffered an injury in fact; (2) the injury is fairly traceable to the challenged conduct of the defendant; and (3) the plaintiff's injury will likely be redressed by a favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). An injury in fact is "an invasion of a legally protected interest" that is concrete and particularized, as well as actual or imminent. *Id.* at 560.

Judge Lee argues that plaintiff lacks standing to sue him for constitutional torts allegedly committed in the Parish Court proceeding because plaintiff was not a party in that proceeding.[21] Barbara Davis was the sole plaintiff in that suit, and there is no indication in the record that she asserted her daughter's property rights.[22] Thus, Judge Lee adjudicated the property rights over Ms. Minnie only between Barbara Davis and Hager. Even if Judge Lee lacked jurisdiction to hear the case, or unlawfully awarded the dog to Hager rather than Barbara Davis,[23] plaintiff had no legal stake in

---

[21] R. Doc. 10-1 at 6-7.
[22] *See, e.g.*, R. Doc. 10-2 at 1, 3, 11, 58.
[23] The Court notes that the complaint is utterly devoid of factual support for these allegations. Nonetheless, because the Court resolves this motion under Rule 12(b)(1), the Court does not decide whether plaintiff states a plausible claim against Judge Lee. Nor does the Court address Judge Lee's assertion of judicial immunity.

7

the dispute. A generalized complaint about state court proceedings does not suffice to establish standing to sue the state court judge. *See Pub. Citizen, Inc. v. Bomer*, 274 F.3d 212, 219 (5th Cir. 2001); *see also Machal, Inc. v. Jena Band of Choctaw Indians*, 387 F. Supp. 2d 659, 663 (W.D. La. 2005) (holding that because plaintiff was "not a party to the state court proceeding," it did "not have standing to contest its validity"). Therefore, plaintiff did not suffer an invasion of a legally protected right and lacks standing to sue Judge Lee.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the motions to dismiss. Plaintiff's claims against NOPD and Judge Lee are DISMISSED.

New Orleans, Louisiana, this __6th__ day of March, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE