UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHEILA DAVIS | CIVIL ACTION |
| VERSUS | NO. 17-10118 |
| JULIE HAGER, ET AL. | SECTION "R" (4) |

## **ORDER AND REASONS**

Before the Court are motions to dismiss filed by defendants Judge John Lee, New Orleans Police Department, Andrew Christenberry, Robin Beaulieu, and Jefferson Parish Animal Shelter.[1] For the following reasons, the Court grants the motions.

## I. BACKGROUND

This case arises out of a dispute over ownership of a dog, Ms. Minnie the Chihuahua. Plaintiff Sheila Davis and her mother, plaintiff Barbara Davis, allege that they purchased the dog and had Home Again implant a microchip in the dog in 2008.[2] Ms. Minnie was allegedly stolen in October 2012.[3] Defendant Julie Hager later purchased the dog from an unknown

---

[1] R. Docs. 34, 36, 41, 46.
[2] R. Doc. 28 at 4 ¶¶ 12-13.
[3] *Id.* ¶ 14.

person.[4] Hager allegedly registered and re-microchipped the dog on August 14, 2015, at which point Home Again notified plaintiffs that Ms. Minnie was found.[5]

A dispute between plaintiffs and Hager then arose as to who was the dog's rightful owner. Barbara Davis filed a civil action in a Jefferson Parish Justice of the Peace Court on August 17, 2015, to determine ownership of the dog.[6] The Justice of the Peace ruled in favor of Barbara Davis, but Hager refused to surrender the dog and Jefferson Parish Police Department declined to seize it.[7] Hager then appealed the case to the First Parish Court.[8] Judge John Lee, who is also a defendant in this case, reversed the Justice of Peace and ruled in favor of Hager on February 3, 2016.[9] Plaintiffs allege that Hager and her attorney, defendant Andrew Christenberry, fraudulently misrepresented facts to Judge Lee.[10] Plaintiffs further assert that Hager, Christenberry, and Judge Lee conspired to deprive Barbara Davis of her

---

[4]  *Id.* ¶ 16.
[5]  *Id.* ¶¶ 17-18.
[6]  *Id.* ¶ 19; *see also* R. Doc. 34-2 at 11. The Court takes judicial notice of the state court records, which Judge Lee attached to his motion to dismiss.
[7]  R. Doc. 28 at 4-5 ¶¶ 20-21.
[8]  *Id.* at 5 ¶ 23; *see also* R. Doc. 34-2 at 1, 56. Although Judge Lee apparently announced his judgment from the bench at the February 3, 2016 trial, *see* R. Doc. 34-2 at 56, a written judgment was not entered until July 6, 2017, *id.* at 58.
[9]  R. Doc. 34-2 at 58.
[10] R. Doc. 28 at 5 ¶ 24.

2

property on the basis of race, and that Judge Lee lacked jurisdiction over the case.[11]

On August 11, 2016, according to plaintiffs, Ms. Minnie ran away from Hager, and eventually came into the custody of defendant Jefferson Parish Animal Shelter.[12] Defendant Robin Beaulieu, the director of the animal shelter, gave the dog to Hager.[13] Ms. Minnie then allegedly ran away again.[14] This time, the dog was taken to Home Again, which gave it to plaintiffs on July 1, 2017.[15] After Hager filed a police report, New Orleans Police Department (NOPD) officers allegedly entered Barbara Davis's residence and seized Ms. Minnie without a warrant.[16] The dog is now in Hager's possession.[17]

Sheila Davis filed suit in this Court on October 4, 2017.[18] The original complaint named Hager, Christenberry, Christenberry & Associates, the Office of Risk Management, NOPD, unknown NOPD officers, Judge Lee,

---

[11] *Id.* at 6 ¶ 28, 30. Plaintiff also alleges that Judge Lee "deprived and denied plaintiff of her property in violation of Louisiana and Federal constitutional and civil rights." *Id.* ¶ 28.
[12] *Id.* at 6 ¶ 32, 7 ¶ 34.
[13] *Id.* at 7 ¶ 38.
[14] *Id.* ¶ 41.
[15] *Id.*
[16] *Id.* at 8 ¶ 43.
[17] *Id.* ¶ 50.
[18] R. Doc. 1.

Beaulieu, and Jefferson Parish Animal Shelter as defendants. NOPD and Judge Lee both filed motions to dismiss, which the Court granted on March 6, 2018.[19] Sheila Davis filed an amended complaint, with leave of court, on May 4, 2018.[20] The amended complaint adds Barbara Davis as a plaintiff and omits the Office of Risk Management and Christenberry & Associates as defendants.[21] The amended complaint also lists plaintiffs' causes of action.[22] First, plaintiffs allege a Fourth Amendment violation by NOPD officers under 42 U.S.C. § 1983. Second, plaintiffs allege a due process violation under Section 1983. Third, plaintiffs allege a violation of 42 U.S.C. § 1985(3). Finally, plaintiffs assert various Louisiana tort claims against Judge Lee. Judge Lee, NOPD, Christenberry, Beaulieu, and Jefferson Parish Animal Shelter now move to dismiss plaintiffs' amended complaint.[23]

## II.  LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

---

[19]  R. Doc. 21.
[20]  R. Doc. 28.
[21]  *Id.* at 1.
[22]  *Id.* at 3, 9-10.
[23]  R. Docs. 34, 36, 41, 46.

4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *See Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Iqbal*, 556 U.S. at 678. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal relevant evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. The claim must be dismissed if there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007).

## III. DISCUSSION

### A. NOPD

As the Court found in its March 6, 2018 order, NOPD is not a juridical person capable of being sued.[24] Thus, plaintiffs' claims against NOPD must be dismissed.

### B. Judge Lee

In its March 6, 2018 order, the Court found that Sheila Davis lacked standing to sue Judge Lee because Sheila Davis was not a party to the suit he adjudicated.[25] To cure this jurisdictional defect, Sheila Davis joined her mother, Barbara Davis, as a plaintiff.

Judge Lee now disputes whether Barbara Davis is truly a plaintiff in this case.[26] Judge Lee points out that the amended complaint does not include Barbara Davis in the caption. *See* Fed. R. Civ. P. 10(a) (requiring that the caption of a complaint "name all the parties"). The section of the complaint that lists the parties in the suit also does not mention Barbara Davis. Additionally, much of the complaint refers to "plaintiff" in the singular, just like the original complaint. Notwithstanding these irregularities or technical defects, the amended complaint makes clear that

---

[24] R. Doc. 21 at 6.
[25] *Id.* at 8.
[26] R. Doc. 34-1 at 8-9.

Barbara Davis is now a plaintiff in this suit. *See Abecassis v. Wyatt*, 902 F. Supp. 2d 881, 911 (S.D. Tex. 2012) ("Although the caption may serve as a guide, courts look to the body of the complaint to determine the parties."); *see also* Fed. R. Civ. P. 8(f) ("Pleadings must be construed so as to do justice."); *N. Alamo Water Supply Corp. v. City of San Juan*, 90 F.3d 910, 918 (5th Cir. 1996) ("As a general matter, the caption on a pleading does not constrain the court's treatment of a pleading."). Indeed, the first sentence of the amended complaint states that Sheila Davis "files her amended and supplemental complaint to cure any and all defects by adding the name of Barbara Davis as a plaintiff."[27] Moreover, several paragraphs in the body of the amended complaint explicitly mention Barbara Davis and her role in the state court litigation presided over by Judge Lee.[28] Thus, Barbara Davis is a plaintiff in this suit, and Judge Lee does not contest her standing to sue. The Court therefore proceeds to the merits of plaintiffs' claims against him.

Plaintiffs' allegations against Judge Lee relate solely to his adjudication of Hager's appeal. Specifically, plaintiffs allege that Judge Lee knowingly acted outside his jurisdiction in deciding the dispute between her and Hager.[29] This allegation does not plausibly support a claim for relief. The

---

[27] R. Doc. 28 at 1.
[28] *See, e.g., id.* at 5 ¶¶ 22, 24.
[29] *Id.* at 6 ¶¶ 28-29.

7

Louisiana Code of Civil Procedure provides that a decision made by a justice of the peace court may be appealed to the parish court. La. Code Civ. Proc. art. 4924. The First Parish Court for Jefferson Parish, on which Judge Lee sits, has appellate jurisdiction over decisions made by justice of the peace courts on the east bank of the Mississippi River. La. R.S. § 13:2561.17. Barbara Davis filed her statement of claim against Hager in the Fifth Justice of the Peace Court, which covers part of Jefferson Parish's east bank.[30] Thus, Judge Lee plainly had jurisdiction to hear Hager's appeal. Plaintiffs' claims related to Judge Lee's alleged lack of jurisdiction must be dismissed.

Plaintiffs further allege that Judge Lee "willfully and wantonly had a meeting of minds with Julie Hager and attorney Andrew C. Christenberry, who engaged in a conspiracy to deprive[]and deny plaintiff of her liberty and property interest in violation of her constitutional and civil rights on the basis of her race."[31] This conclusory allegation is not supported by any other factual matter in the complaint. Without more, this bare allegation of a conspiracy does not suffice to state a claim on which relief may be granted. *See Iqbal*, 556 U.S. at 678; *Zuniga v. Masse Contracting, Inc.*, 290 F. Supp. 3d 581, 587 (E.D. La. 2017) ("It is well settled in the Fifth Circuit that 'mere

---

30 *See* R. Doc. 34-2 at 11.
31 R. Doc. 28 at 6 ¶ 30.

8

conclusory allegations of conspiracy cannot, absent reference to material facts, state a substantial claim of federal conspiracy.'" (quoting *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222 (5th Cir. 1989)). Plaintiffs' claims against Judge Lee related to this alleged conspiracy must be dismissed.[32]

### C. Christenberry

Plaintiffs' claims against Christenberry relate to his alleged conspiracy with Hager and Judge Lee to deprive plaintiffs of their property. As explained earlier, plaintiffs' allegations regarding this conspiracy are conclusory. Such conclusory allegations cannot support plaintiffs' claims against Christenberry under either 42 U.S.C. § 1983 or 42 U.S.C. § 1985(3).[33] *See Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004) (noting that a plaintiff states a claim against a private citizen under Section 1983 only if the plaintiffs alleges "(1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional

---

[32] Judge Lee also seeks dismissal based on judicial immunity and prescription. Because plaintiffs' claims against Judge Lee fail on the merits, the Court need not address these alternative arguments.

[33] The elements of a claim under 42 U.S.C. § 1985(3) are:
> (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States.

*Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994).

9

rights"); *see also id.* (noting that "[a]llegations that are merely conclusory, without reference to specific facts, will not suffice" to allege a conspiracy); *Zuniga*, 290 F. Supp. 3d at 587. Thus, plaintiffs' claims against Christenberry must be dismissed.

### D. Beaulieu and Jefferson Parish Animal Shelter

Plaintiffs' claims against Beaulieu and Jefferson Parish Animal Shelter stem from Beaulieu's decision to return Ms. Minnie to Hager rather than plaintiffs. Plaintiffs allege that Beaulieu knew Ms. Minnie belonged to plaintiffs yet nonetheless returned the dog to Hager.[34] According to plaintiffs, this conduct violated due process.[35]

Jefferson Parish Animal Shelter argues that it is not an entity capable of being sued.[36] Rule 17(b) of the Federal Rules of Civil Procedure provides that the capacity to sue or be sued is determined by "the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). Under Louisiana law, "an entity must qualify as a juridical person" to be sued. *Dugas v. City of Breaux Bridge Police Dep't*, 757 So. 2d 741, 743 (La. App. 3 Cir. 2000). A juridical person, in turn, "is an entity to which the law attributes personality, such as a corporation or a partnership." La. Civ. Code art. 24. Jefferson

---

[34] R. Doc. 28 at 7 ¶ 38.
[35] R. Doc. 52 at 6.
[36] R. Doc. 46-1 at 6.

10

Parish Animal Shelter is merely a department of Jefferson Parish. *See* Jefferson Parish Code of Ordinances § 2-406. Accordingly, the Court finds that Jefferson Parish Animal Shelter is not a juridical person capable of being sued, and must be dismissed.

Beaulieu argues that she is entitled to qualified immunity on plaintiffs' constitutional claim.[37] A state official sued in her individual capacity, like Beaulieu, may be held liable under Section 1983 only if (1) she violated plaintiffs' constitutional rights and (2) her actions were objectively unreasonable in light of clearly established law at the time of the alleged violation. *See Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (internal quotation marks and modifications omitted). "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the

---

[37] *Id.* at 12-15. Plaintiffs do not make a Section 1985(3) argument in their opposition to Beaulieu's and Jefferson Parish Animal Shelter's motion to dismiss. Nor do plaintiffs allege—other than conclusorily—that Beaulieu participated in a conspiracy to deprive plaintiffs of their civil rights. Thus, to the extent plaintiffs assert a Section 1985(3) claim against Beaulieu, this claim must be dismissed.

inapplicability of the defense." *Cantrell v. City of Murphy*, 666 F.3d 911, 918 (5th Cir. 2012).

Ms. Minnie entered the custody of Jefferson Parish Animal Shelter in August 2016, *after* the Parish Court found that Hager was the rightful owner of Ms. Minnie. Plaintiffs point to no law—whether or not clearly established—that would have required Beaulieu to ignore the state court judgment and give Ms. Minnie to plaintiffs. Even if, as plaintiffs allege, Beaulieu knew that Ms. Minnie actually belonged to plaintiffs, a reasonable person in her position could have believed that the state court judgment justified returning the dog to Hager. *See al-Kidd*, 563 U.S. at 741. In light of that judgment, Beaulieu's conduct was objectively reasonable. Beaulieu is therefore entitled to qualified immunity, and plaintiffs' Section 1983 claim against her must be dismissed.

Although the Court need not address the alternative grounds for dismissal in Beaulieu and Jefferson Parish Animal Shelter's motion, the Court notes that plaintiffs' claims against these parties are also barred by the *Rooker-Feldman* doctrine. This doctrine precludes district court review of final state court judgments. *See Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986) ("[L]itigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil

rights suits."). The doctrine covers claims that are "'inextricably intertwined with the state court's' grant or denial of relief." *Id.* (quoting *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983)). Plaintiffs' Section 1983 claims against Beaulieu and Jefferson Animal Shelter necessarily call into question the validity of Judge Lee's decision, review of which is not available in this Court.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the motions to dismiss. Plaintiff's claims against NOPD, Judge Lee, Christenberry, Beaulieu, and Jefferson Parish Animal Shelter are DISMISSED.

New Orleans, Louisiana, this __1st__ day of August, 2018.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE